**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000888
17-MAR-2017
07:57 AM**

NO. CAAP-15-0000888

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE UNDER
POOLING AND SERVICING AGREEMENT DATED AS OF
DECEMBER 1, 2006, MASTER ASSET-BACKED SECURITIES
TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-NC3, Plaintiff-Appellee, v.
MARCELO V. VILLAMAR; ALMA A. VILLAMAR, Defendants-Appellees,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendant-Appellee, JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0223(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)


Defendants-Appellants Marcelo V. Villamar and Alma A.

Villamar (**Villamars**) appeal *pro se* from the November 6, 2015

Judgment on Findings of Fact, Conclusions of Law and Order

Granting Plaintiff's Motion for Summary Judgment and Decree of

Foreclosure Against All Defendants on Complaint Filed April 29,

2015 (**Judgment**), which was entered by the Circuit Court of the

Second Circuit (**Circuit Court**).[1]

---

[1]     The Honorable Peter T. Cahill presided.

Although the Villamars' Opening Brief is noncompliant with Rule 28 of the Hawaii Rules of Appellate Procedure (**HRAP**), we will attempt to address the gravamen of their appeal, which appears to be that Plaintiff-Appellee U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 Master Asset-Backed Securities Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006-NC3 (**U.S. Bank**) did not have standing to foreclose on the subject note and mortgage. This argument is without merit.

U.S. Bank established: (1) the existence and execution by the Villamars of the subject note and mortgage; (2) the terms of the note and mortgage; (3) default by the Villamars; and (4) notice of default. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982). In addition, the undisputed evidence established that U.S. Bank had possession of the original promissory note, endorsed in blank, prior to the commencement of the foreclosure proceedings in this case. See Bank of America, N.A. v. Reyes-Toledo, __ Hawai'i __, __ P.3d __, No. SCWC-15-0000005, slip op. (Haw. Feb. 28, 2017).

The Villamars' other assertions, related to loan securitization, assignment, the pooling and servicing agreement, are also without merit. See, e.g., U.S. Bank Nat'l Assoc. v. Salvacion, 134 Hawai'i 170, 175-76, 338 P.3d 1185, 1190-91 (App. 2014); Wells Fargo Bank, N.A. v. Pasion, No. CAAP-12-0000657, 2015 WL 4067259, at *3 (Haw. App. June 30, 2015) (SDO), cert. denied, 2015 WL 5965835 (Haw. Oct. 13, 2015).

Accordingly, the Circuit Court's November 6, 2015 Judgment is affirmed.

DATED: Honolulu, Hawai'i, March 17, 2017.

On the briefs:

Marcelo V. Villamar,
  and Alma A. Villamar,
Defendants-Appellants, *Pro Se.*

J. Blaine Rogers,
Lori King Stibb,
(Alston Hunt Floyd & Ing),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge